José Ortiz, demandante y apelante *v.* La Sucn. de Alfredo Amy, compuesta de César, Arturo, Amedee y Vigermina Amy y la viuda Isabel Torres, demandada apelada.

No. 5289.—*Sometido:* Enero 12, 1931.—*Resuelto:* Enero 16, 1931.

*R. Arjona Siaca, R. Atiles Moreu* y *E. Campos del Toro,* abogados del apelante; *R. Rivera Zayas* y *Manuel A. Rivera,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación contra sentencia fué interpuesta por el demandante el 27 de noviembre de 1929. En 2 de abril si-

guiente nos pidió la apelada que desestimáramos la apelación por haber transcurrido más de 120 días de haber sido interpuesta sin haber sido presentada ante nosotros, y habiendo acreditado la apelante que no había vencido la prórroga concedida al taquígrafo para que preparara la transcripción de la evidencia presentada en el juicio, negamos la desestimación.

Ahora, en 16 de diciembre de 1930, el apelado presentó moción jurada solicitando la desestimación de la apelación fundándose en la regla 59 de las de esta corte y alegando que el transcurso de un año desde que la apelación fué interpuesta y de ocho meses desde su anterior moción en ese sentido sin que la transcripción de la evidencia haya sido hecha por el taquígrafo, limitándose la apelante a solicitar prórrogas para el taquígrafo sin gestión alguna para que éste hiciera ese trabajo y el haber despachado dicho funcionario las ocho apelaciones posteriores que especifica, demuestran que el apelante no ha proseguido su apelación con la debida diligencia. A esto contesta el apelante sin juramento que se ha ocupado constantemente de su recurso y que como ha obtenido declaración de pobreza y el taquígrafo no cobrará sus derechos, ha postergado la transcripción para el apelante y ha dado preferencia a las que le han pagado. Nos pide que ordenemos al taquígrafo que sin excusa prepare la transcripción.

La regla 59 de las de este tribunal dispone que expirado el término de 90 días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la debida diligencia o de buena fe, o que tal apelación es frívola. Y la Ley No. 27 de 1917, página 275, según quedó enmendada por la No. 81 del año

1919, página 675, dispone que dentro de los 10 días después de radicada una apelación podrá solicitarse por el apelante que el taquígrafo haga una transcripción de la evidencia, que la corte así lo ordenará, que el taquígrafo deberá hacer ese trabajo dentro de los 20 días después de esa orden, que los términos fijados por esa ley pueden ser prorrogados y que si el taquígrafo dejare sin excusa legítima de preparar dicha transcripción en el término de 60 días, deberá ser compelido a ello por la corte usando los medios coercitivos procedentes.

El espíritu de esa ley y de nuestra regla citada es que las apelaciones se tramiten con rapidez, pues de otro modo la parte beneficiada por la sentencia o resolución apelada sufriría perjuicios y, por tanto, el apelante, debe ser diligente en la tramitación de su recurso.

En vista de los hechos expuestos anteriormente y de la ley y regla aplicables a ellos llegamos a la conclusión de que el apelante no ha tenido la debida diligencia en este caso para la tramitación de su apelación, pues a pesar de que la anterior moción del apelado debió servirle de aviso de que no estaba dispuesto a consentir que la preparación de la apelación se prolongase por largo tiempo, sin embargo, se ha limitado durante un año a estar solicitando y obteniendo prórrogas para el taquígrafo, y sabiendo que éste no tenía excusa legítima para no preparar la transcripción dentro de sesenta días, pues, según el apelante el no hacer la suya y dedicarse a otras se debe al hecho de que no habría de cobrarla, debió el apelante en esas circunstancias para ser diligente pedir a la corte de distrito que obligase al taquígrafo a cumplir la orden que le había dado. No hacerlo así dejaba al taquígrafo la libertad de hacer la transcripción cuando él lo creyese conveniente y dando preferencia a las de pago, y el tiempo para hacer la transcripción de la evidencia no puede quedar al arbitrio del taquígrafo. Si en vista de los hechos narrados no desestimára-

mos esta apelación, el estado actual de ella se prolongaría por más años, o tal vez indefinidamente.

██ En cuanto a la petición de que ordenemos perentoriamente al taquígrafo que haga la transcripción, es la corte inferior la que puede librar esa orden, según dice la ley.

*La presente apelación debe ser desestimada.*